# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAD EVERETT WARDEN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:17CV00471 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, DIRECTOR** | ) | By: James P. Jones |
| **OF DEPARTMENT OF** | ) | United States District Judge |
| **CORRECTIONS,** | ) | |
| | ) | |
| Respondent. | ) | |

*Chad Everett Warden, Pro Se Petitioner; Elizabeth K. Fitzgerald, Assistant Attorney General, Richmond, Virginia, for Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Chad Everett Warden, a Virginia inmate, challenges the validity of his confinement by a criminal judgment from state court. After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because the petition is procedurally barred, incognizable, and otherwise without merit.

I. Background.

In 2013, the Circuit Court of Wythe County convicted Warden of malicious wounding and misdemeanor damage to a telephone line. For the malicious wounding, the court sentenced Warden to fifteen years' imprisonment, with ten

years suspended. For his misdemeanor conviction, the court sentenced Warden to six months of incarceration to run concurrently with his other sentence. Warden's direct and state collateral review proceedings were unsuccessful.

On October 6, 2017, Warden filed the current petition in this court, raising the following claims:

1. The evidence was insufficient to sustain a malicious wounding conviction because no evidence was presented showing the victim was actually injured;

2. Counsel was ineffective for failing to continue the case until a primary defense witness could appear, file a motion to set aside, and call the impeachment witnesses prior to the sentencing phase;

3. The trial court abused its discretion and failed to comply with a Virginia court rule;

4. The delay and denial of Warden's state habeas petition was prejudicial and a denial of due process;

5. The evidence was insufficient to sustain a malicious wounding conviction because there was never any proof of injuries presented; and

6. Counsel was ineffective for failing to adequately investigate the victim.

The respondent acknowledges that Warden's petition is timely and exhausted, but moves to dismiss the petition as procedurally barred, incognizable, and otherwise without merit.

## II. Standards of Review.

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," *Id.* at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014).

For *Strickland's* first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690).

For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

III.     Procedural Default.

The Supreme Court has long held that a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.'" *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

"If a claim is procedurally defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." *Bell v. True*, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). The "cause" prong requires a petitioner to demonstrate that there were "objective factor[s]," external to his defense, which impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The "prejudice" prong requires a petitioner to show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 495. "[T]he 'cause and prejudice' test is framed in

the conjunctive, the absence of cause makes unnecessary an inquiry into prejudice." *Davis v. Allsbrooks*, 778 F.2d 168, 176 (4th Cir. 1985). Meanwhile, the fundamental miscarriage of justice exception requires a petitioner to demonstrate a colorable claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

Claims 1, 2, 4, and 5 are defaulted. Pursuant to Va. Sup. Ct. R. 5:17(c), the Supreme Court of Virginia dismissed the claims on Warden's habeas appeal for failing to address the ruling of the court below. *Warden v. Dep't Corr.*, No. 170102, slip op. at 1 (Va. Sept. 7, 2017), ECF No. 8-7. The Fourth Circuit has held that Rule 5:17(c) is an adequate and independent state law ground that precludes federal habeas review. *Hedrick v. True*, 443 F.3d 342, 363 (4th Cir. 2006).

Warden argues that his claim is not procedurally barred because (1) the Fourth Circuit has found that the Supreme Court of Virginia inconsistently applies the procedural bar, and (2) Virginia habeas corpus law does not require compliance with Rule 5:17(c). Pet'r's Resp. 2, ECF No. 14. Neither argument is convincing.

First, Warden argues that the Supreme Court of Virginia did not properly apply the present procedural default rule, citing *Jones v. Sussex I State Prison*, 591 F.3d 707 (4th Cir. 2010). In *Jones*, the Fourth Circuit declined to recognize *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), as a procedural bar to a double

jeopardy claim, because Virginia courts had never previously applied *Slayton* to bar such a claim. Therefore, *Slayton* was not adequate — it had not been regularly and consistently applied to double jeopardy issues. *Jones*, 591 F.3d at 716. *Jones* has no application here. Warden's case does not involve *Slayton*, double jeopardy, or an inconsistently applied rule. *See, e.g.*, *Manzella v. Clarke*, No. 2:11CV575, 2012 WL 3265095, at *1, 6 (E.D. Va. May 22, 2012) (concluding sufficiency of the evidence, ineffective assistance of counsel, and trial court error claims are all properly barred by Rule 5:17(c)); *Holden v. Clarke*, No. 2:14CV616, 2016 WL 8261739, at *2, 4 (E.D. Va. Jan. 12, 2016) (due process claim properly barred by Rule 5:17(c)).

Second, Warden's claim that Virginia habeas law does not mandate compliance with Rule 5:17(c) is incorrect. Rule 5:17(c) requires that a petition for appeal include assignments of error and specifically notes:

> An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. Sup. Ct. R. 5:17(c)(1)(iii). Warden appealed the circuit court's denial of his initial habeas petition to the Supreme Court of Virginia. Therefore, he was required to properly assign errors pursuant to Rule 5:17(c).

Warden has not presented any other arguments demonstrating cause and prejudice or a fundamental miscarriage of justice. Accordingly, Claims 1, 2, 4, and 5 are procedurally barred from federal habeas review.

Lastly, Warden's defaulted claims do not implicate *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, a federal habeas petitioner may satisfy the cause requirement of an otherwise procedurally defaulted claim of ineffective assistance if:

> (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (quoting *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)).

First, Claims 1, 4, and 5 do not allege ineffective assistance of counsel. Second, even though Claim 2 does allege ineffective assistance of counsel, *Martinez* only applies if the ineffective assistance of counsel (or no counsel)

occurred in the initial review proceeding.¹ Here, the initial review proceeding was in the state circuit court, but Warden's mistake in failing to properly assign errors pursuant to Va. Sup. Ct. R. 5:17(c) occurred on appeal to the Supreme Court of Virginia. Therefore, *Martinez* cannot constitute cause for any of Warden's defaulted claims, and I will grant the motion to dismiss as to Claims 1, 2, 4, and 5.

IV. Incognizable Claims.

In Claims 3 and 4, Warden asserts that, during his state habeas proceeding, the circuit court failed to comply with Va. Sup. Ct. R. 5A:3(e), controlling filing deadlines, and the court and/or state court clerk's office erred by failing to give Warden a case number, delaying the disposition of the case for a year, and allowing the local state prosecutor to write her own order to dismiss the case.

However, it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. Federal habeas courts do not intervene in matters of state law "unless it impugns the fundamental fairness of the trial." *Stockton v. Virginia*, 852 F.2d 740, 748 (4th Cir. 1988) (citing *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960)).² The Supreme Court has

---

¹ *Martinez* "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." 566 U.S. at 16.

² The "[Antiterrorism and Effective Death Penalty Act of 1996] requirements reflect a 'presumption that state courts know and follow the law.'" *Woods v. Donald*, 135

"'defined the category of infractions that violate "fundamental fairness" very narrowly.'" *Estelle v. McGuire*, 502 U.S. 62, 73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)). "Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Id*. A state court error in interpreting state law does not give rise to a federal due process issue unless it is "so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." *McCafferty v. Leapley*, 944 F.2d 445, 452 (8th Cir. 1991).[3]

At the threshold, Warden's alleged errors occurred during his state habeas proceedings, not at trial. Further, Warden has not demonstrated that the alleged errors fatally infected the state proceeding. He was not entitled to any particular disposition deadline on collateral review, a minor clerical error regarding a case number assignment does not violate federal law, and the state court agreeing with

---

S. Ct. 1372, 1376 (2015) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). Also, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

[3] In *Lisenba v. California*, 314 U.S. 219, 236 (1941), the Supreme Court held that "[D]enial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it . . . the acts complained of must be of such quality as necessarily prevents a fair trial." The Court gave examples: "when a coerced confession is used as a means of obtaining a verdict of guilt," "extort[ing] testimony from a defendant by physical torture," "[a] trial dominated by mob violence," "fraud, collusion, trickery and subornation of perjury" by the state, and "by threats or promises . . . a defendant was induced to testify against himself." *Id.* at 236-37.

or adopting the arguments of a Commonwealth's Attorney does not implicate any federal rights. Lastly, he has not proffered clear and convincing evidence rebutting the state court's factual determinations. Therefore, Warden fails to demonstrate that Claim 3 and 4 are cognizable under § 2254, and I will the motion to dismiss the claims.

V.     Claim 6.

In Claim 6, Warden alleges that trial counsel failed to properly investigate the case. Specifically, he argues that if counsel had investigated the victim, he would have discovered that the victim faked her injuries and had previously been convicted of drug distribution and perjury.

On habeas review, the state circuit court addressed the claim as follows:

[T]he petitioner asserts that trial counsel was ineffective because he failed to obtain the petitioner's medical records to demonstrate that her injury was not real and in the alternative was not caused by the petitioner. At trial, however, the victim testified under oath that she had no injury to her knee prior to this event. (Tr. 19). The morning after being beaten by the defendant, officers serving an unrelated warrant called [] an ambulance for her, and at the emergency room she was given crutches and a brace. (Tr. 18, 20-21). Her knee was so swollen that police officers were unable to pull her pants leg over the knee to view the injury. (Tr. 29). She further testified that she had been to see a knee specialist [and] was expected to have surgery in the future. (Tr. 18).

20.     The Court finds that the petitioner has not proffered any facts to refute this testimony nor has he demonstrated that additional investigation would have uncovered any favorable evidence on this point. "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony

would have been produced." *Beaver* [*v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996)]. *See also Bassette* [*v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990)] (petitioner must allege "what an adequate investigation would have revealed[]"). Because the petitioner has failed to proffer any information regarding what further investigation would have uncovered, or how it would have been helpful to his defense, the Court conclude[d] that Warden cannot meet his burden under either prong of the *Strickland* test.

*Warden v. Clarke*, No. 15-264, slip op. at 11 (Va. Cir. Ct. Dec. 28, 2016), ECF No. 8-5.[4]

The state habeas court also addressed counsel's alleged failure to demonstrate that the victim was a convicted felon and not credible, concluding that "[i]n short, counsel did substantially present the evidence the defendant contends should have been presented," because "counsel did demonstrate that the victim was a convicted felon and used this testimony to argue in closing that the victim was not credible." *Id.* at 8. Counsel elicited testimony that the victim had been convicted of two felonies and even specifically asked whether the victim had been convicted of a crime involving lying; the victim replied, "No." Tr. 48, ECF No. 8-8. Further undermining his argument, Warden has not proffered any evidence that the victim was actually convicted of perjury.

---

[4] On habeas appeal, the Supreme Court of Virginia summarily denied Claim 6. Therefore, the federal habeas court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (reaffirming the essence of *Ylst v. Nunnemaker*, 501 U.S. 797 (1991)). The state circuit court's decision is the last related state court decision providing a relevant rationale.

The trial transcript and sworn testimony contradicts Warden's conclusory claims, and his failure to proffer what an adequate investigation would have revealed is fatal to his claim. *See Beaver*, 93 F.3d at 1195. Therefore, the state court's adjudication is not contrary to, or an unreasonable interpretation of, federal law, or an unreasonable determination of facts, and I will grant the motion to dismiss as to Claim 6.

## VI. Conclusion.

For the stated reasons, Warden's habeas claims are procedurally barred, incognizable, and otherwise without merit. Therefore, I will grant the Motion to Dismiss and deny the petition.

A separate Final Order will be entered herewith.

DATED: June 29, 2018

/s/ James P. Jones
United States District Judge